(May 12, 1981)

■ In the Matter of JOHN J. SANTUCCI, as District Attorney of Queens County, Petitioner, v ROSE L. RUBIN, as Justice of the Supreme Court,

Queens County, et al., Respondents. — Proceeding pursuant to CPLR article 78 to prohibit respondent Rubin from compelling the petitioner to identify and produce the confidential informant in the prosecution of respondent Fenuta under Queens County Indictment No. 2952/80. Petition denied and proceeding dismissed on the merits, without costs or disbursements. The extraordinary remedy of prohibition lies only where there is a clear legal right and only when the body or officer "proceeded, is proceeding or is about to proceed without or in excess of jurisdiction" (CPLR 7803, subd 2; see *Matter of Dondi v Jones,* 40 NY2d 8, 13). Prohibition does not issue as a matter of right, but only in the sound discretion of the court (see *Matter of Dondi v Jones, supra,* p 13). The remedy is not applicable at bar since the trial court's order compelling the District Attorney to disclose the identity of the confidential informant was not in excess of the court's jurisdiction. The determination as to whether a defendant has demonstrated a sufficient foundation for the disclosure of the identity of a confidential informant lies in the sound discretion of the Trial Judge (see *People v Goggins,* 34 NY2d 163, 169, cert den 419 US 1012). At bar, respondent Fenuta demonstrated a basis of fact for requiring such disclosure and was "not merely * * * angling in desperation for possible weaknesses in the prosecution's investigation" (see *People v Goggins, supra,* p 169). Accordingly, the petition must be denied. Hopkins, J. P., Gibbons, O'Connor and Thompson, JJ., concur.